IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD CHARLES WILSON,

                                                                      ORDER

Petitioner,

                                                                      13-cv-781-bbc

   v.

THOMAS H. BROUND,
DAVID SCHWARZ and
MINDY SOWNEWTAG,

       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Donald Charles Wilson, a prisoner at the Oshkosh Correctional Institution, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He filed his petition on the court-provided § 2254 form and asks to be released from prison on the grounds that his parole revocation hearing violated his constitutional rights and was based on false evidence. As respondents he lists persons who appear to be prison employees (rather than the warden of his prison as required in habeas petitions, Kholyavskiy v. Achim, 443 F.3d 946, 949 (7th Cir.2006)). In addition, he asks for damages as relief, although they are unavailable in habeas petitions, Viens v. Daniels, 871 F.2d 1328, 1331 (7th Cir. 1989), and he lists as his ground for relief that he has received inadequate medical attention, all of which suggest he intends to raise a claim of unconstitutional conditions of confinement under 42 U.S.C. § 1983 in addition to his habeas petition.

1

Petitioner cannot combine both actions into one lawsuit. He will have to tell the court how he would like to proceed: Does he wish to (1) proceed on the habeas petition alone; (2) change his lawsuit to a § 1983 claim; or (3) proceed on both actions in separate lawsuits? (Because he has already made the required filing fee prepayment, he may pursue one lawsuit without incurring additional charges. If he chooses to pursue both suits, he will need to make another prepayment.) The court will not change his lawsuit without his direction. Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005) (§ 1983 actions cannot be brought under habeas petitions and courts should not recharacterize the lawsuit on their own motions).

If petitioner does not respond to this order, I will dismiss the portions of his petition that seek relief under § 1983 and will screen the remaining portions under Rule 4 of the Rules Governing Section 2254 Petitions.

Petitioner has also filed a motion for appointment of counsel, dkt. # 3, which I construe as a motion to help him recruit counsel because this court has no authority to appoint counsel to represent indigent plaintiffs but may ask counsel to help out. It is too early to say whether he needs counsel. I will reconsider his motion after he responds to this order.

ORDER

IT IS ORDERED that petitioner Donald Charles Wilson must respond as stated in this order by February 25, 2014. If petitioner does not respond by this date, his filing will

be construed and screened as a petition for a writ of habeas corpus and any claims that do not relate to that proceeding will be dismissed. Petitioner's motion for assistance in recruiting counsel is STAYED pending his response to this order.

Entered this 11th day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge