IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD CHARLES WILSON,

           Petitioner,

    v.

THOMAS H. BROUND,
DAVID SCHWARZ and
MINDY SOWNENTAG,

           Respondents.

ORDER

13-cv-781-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 25, 2014, I denied as untimely the petition for a writ of habeas corpus under 28 U.S.C. § 2254 brought by Donald Charles Wilson. In addition, I noted that petitioner had procedurally defaulted his claims and I denied him a certificate of appealability. Now, petitioner has filed a notice of appeal. Because he has not paid the $505 filing fee for the appeal, I also construe his notice as a request to proceed in forma pauperis on appeal.

Petitioner's appeal is not subject to the 1996 Prison Litigation Reform Act. Walker v. O'Brien, 216 F.3d 626, 628-629 (7th Cir. 2000) ("the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255"). Nevertheless, in determining whether a petitioner is eligible for indigent status on appeal under 28 U.S.C. § 1915, the court must find both that the petitioner does not have the means to pay the $505

1


fee for filing his appeal and that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) and (3). I conclude that petitioner's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker, 216 F.3d at 631-32. Petitioner is unable to meet this standard. With respect to this court's March 25, 2014 order denying his petition for writ of habeas corpus, no reasonable person would disagree that petitioner's claims are procedurally defaulted, that he filed his petition long after the deadline for doing so or that he failed to show that the decision denying him a certificate of appealability was incorrect. Accordingly, petitioner's request to proceed in forma pauperis on appeal will be denied.

Under Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), including a statement of issues that petitioner intends to present on appeal. Also, petitioner's motion must be accompanied by a copy of this order. Petitioner should be aware that these documents should be filed in addition to the notice of appeal he has previously filed. If petitioner does not file a motion requesting review of this order, it is likely that the court of appeals will not address this court's denial of leave to proceed in forma pauperis on appeal. Instead, it will require petitioner to pay the entire $505 filing fee before it considers his appeal. If petitioner fails to pay the fee within the

deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that petitioner Donald Charles Wilson's request for leave to proceed in forma pauperis on appeal is DENIED.  I certify that petitioner's appeal is not taken in good faith.  The clerk of court is directed to insure that petitioner's obligation to pay the $505 fee for filing his appeal is reflected in the court's financial record.

Entered this 15th day of April, 2014.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge